1   GLANCY BINKOW & GOLDBERG LLP
    LIONEL Z. GLANCY #134180
    PETER A. BINKOW #173848
2   MICHAEL GOLDBERG #188669
    1801 Avenue of the Stars, Suite 311
3   Los Angeles, CA  90067
    Telephone:  (310) 201-9150
    Facsimile:    (310) 201-9160
4   Email:       info@glancylaw.com

5   BERNSTEIN LIEBHARD LLP
    SANDY A. LIEBHARD
    U. SETH OTTENSOSER
6   JOSEPH R. SEIDMAN, JR.
    10 East 40th Street
    New York, NY  10016
7   Telephone: (212) 779-1414
    Facsimile: (212) 779-3218

8   *Attorneys for Movants Brent Dawson and Richard Wayne*

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  | MERLE KOVTUN, On Behalf of Himself and All Others Similarly Situated, | CASE NO.:  4:10-cv-04957-PJH |
    |---|---|
    | Plaintiff, | **MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL** |
    | vs. | |
    | VIVUS, INC., LELAND F. WILSON, and WESLEY W. DAY, PHD, | DATE:  February 9, 2011 |
    | Defendants. | TIME:  9:00 a.m. |
    | | COURTROOM: 3, Oakland |

13

14

15

16

17

18

19

20

21

**PRELIMINARY STATEMENT**

Presently pending before the Court is one securities class action lawsuit (the "Action") brought on behalf of all persons or entities (the "Class") who purchased the common stock of Vivus, Inc. ("Vivus" or the "Company") during the period of September 9, 2009 and July 15, 2010, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Vivus, Leland F. Wilson, and Wesley W. Day.

Class members Brent Dawson and Richard Wayne ("Movants") hereby move this Court, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) appointing Movants as lead plaintiffs in the Action; and (b) approving Movants' choice of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel, and Glancy Binkow & Goldberg LLP ("Glancy Binkow") as liaison counsel, for the Class.

During the Class Period, Movants suffered losses of approximately $130,377 stemming from their investments in Vivus. Movants believe that their losses represent the largest financial interest in the outcome of the litigation.

**STATEMENT OF FACTS**

Vivus' lead product in clinical development is Qnexa® ("Qnexa"), an experimental drug that has completed Phase III clinical trials for the treatment of obesity. In December 2009, Vivus submitted a New Drug Application ("NDA") to the Food and Drug Administration ("FDA") to have Qnexa approved as an obesity drug.

Plaintiffs allege that, during the Class Period, defendants made false and misleading statements about Qnexa. More specifically, Plaintiffs allege that the Company failed to disclose

MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

that: (a) the studies conducted by Vivus and submitted to the Endocrinologic and Metabolic Drugs Advisory Committee of the FDA (the "FDA Panel") could not support FDA Panel approval for Qnexa's use to treat obesity as a chronic condition, and, at the very least, longer-term clinical studies would be needed to determine whether Qnexa was safe for its intended use to treat chronic obesity; (b) the trial results showed worrisome adverse effects of the type that scuttled approval for other obesity drugs, including increased risk of suicide, cardiovascular events, and birth defects; (c) four to seven times as many patients taking the highest dose of Qnexa, compared to patients taking lower doses or placebos, dropped out of the study because of adverse side effects such as anxiety, sleep disorders, or depression; and (d) Qnexa would likely receive a "Pregnancy Category X" label from the FDA due to risks of birth defects (teratogenicity), instead of the proposed "Pregnancy Category C" label, thereby potentially eliminating a huge swath of potential Qnexa customers.

On July 15, 2010, the FDA Panel held a hearing to review Qnexa. Following the lengthy review and discussion, the FDA Panel voted against recommending Qnexa based on concerns regarding adverse effects and the unknown impact of long-term use beyond the 56-week clinical study period. The FDA Panel voted 10-to-6 in the negative on the question of whether the "overall risk-benefit assessment of Qnexa is favorable to support approval." When news of the vote was publicly announced on July 15, 2010, the market price of Vivus common stock plummeted, falling $6.70 per share, or 55%, in one day on unusually high trading volume of over 42.3 million shares. On October 28, 2010, the FDA followed the recommendation of the FDA Panel and rejected Vivus's NDA for Qnexa.

MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED
AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL

1

**ARGUMENT**

2

**I.    THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS**

3

**A.    The Procedure Required By The PSLRA**

4

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private

5

action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

6

Federal Rules of Civil Procedure."  Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1)

and (a)(3)(B).

7

First, the plaintiff who files the initial action must publish notice to the class within 20 days

8

after filing the action, informing class members of their right to file a motion for appointment of lead

9

plaintiff.  Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA requires the court to

10

consider within 90 days all motions, filed within 60 days after publication of that notice, made by

any person or group of persons who are members of the proposed class to be appointed lead plaintiff.

11

Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

12

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead

13

plaintiff is the "person or group of persons" that:

14

> (aa)    has either filed the complaint or made a motion in response to a notice;

15

> (bb)    in the determination of the court, has the largest financial interest in
>         the relief sought by the class; and

16

> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of
>         Civil Procedure.

17

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted

18

only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly

19

and adequately protect the interests of the class" or "is subject to unique defenses that render such

20

plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. §

78u-4(a)(3)(B)(iii)(II).

21

MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED
AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate lead plaintiffs to represent Plaintiffs and, as a result, should be appointed lead plaintiffs in the Action.

### 1.     Movants Are Willing To Serve As Class Representatives

On November 3, 2010, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Vivus, and which advised putative class members that they had until January 3, 2011 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Movants have reviewed the complaint filed in the Action and have timely filed their motion pursuant to the Notice. In doing so, Movants have attached their certifications attesting to their willingness to serve as representative parties of the Class and provide testimony at deposition and trial, if necessary. *See* Goldberg Decl. Ex. B. Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2.     Movants Are The Most Adequate Lead Plaintiffs

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

---

[1] *See* Declaration of Michael M. Goldberg ("Goldberg Decl.") Ex. A.

MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL

1    Movants believe their $133,077 loss constitutes the largest financial interest in the outcome

2    of the Action.  *See* Goldberg Decl. Ex. C.  As such, Movants are the most adequate lead plaintiffs

3    and should be appointed as lead plaintiffs.

### 3.    Movants Satisfy The Requirements Of
###       Rule 23(a) Of The Federal Rules Of Civil Procedure

4

5    Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation,

6    the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

7    Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  With respect to the qualifications of a class

8    representative, Rule 23(a) requires generally that representatives' claims be typical of those of the

9    class, and that representatives will fairly and adequately protect the interests of the class.  *See In re*

10   *Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal.

11   2004); *Ruland v. InfoSonics Corp.*, No. 06CV1231, 2006 WL 3746716, at *2 (S.D. Cal. Oct. 23,

     2006).

12   Claims are "typical" under Rule 23 if they are "reasonably co-extensive with those of absent

13   class members; they need not be substantially identical."  *Ferrari*, 225 F.R.D. at 606 (citing *Hanlon*

14   *v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).  Likewise, Rule 23(a) also requires that the

15   person(s) representing the class be able to "'fairly and adequately protect the interests' of all

     members in the class."  *Ferrari*, 225 F.R.D. at 607 (citation omitted).

16   The claims asserted by Movants are typical of those of the Class.  Movants, like the members

17   of the Class, acquired shares of Vivus during the Class Period at prices artificially inflated by

18   Defendants' materially false and misleading statements, and were damaged thereby.  Thus, their

19   claims are typical, if not identical, to those of the other members of the Class because Movants

20   suffered losses similar to those of other Class members and their losses result from Defendants'

21

1   common course of conduct.   Accordingly, Movants satisfy the typicality requirement of Rule

2   23(a)(3).

3       Movants are also adequate representatives for the Class.   There is no antagonism between

4   their interests and those of the Class.   Moreover, Movants have retained counsel highly experienced

5   in prosecuting securities class actions, and will submit their choice to the Court for approval

    pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

6       Accordingly, at this stage of the proceedings, Movants have made the preliminary showing

7   necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy

8   Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## II.    MOVANTS' CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

9
    The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

10  court approval.   Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v),

11  15 U.S.C. § 78u-4(a)(3)(B)(v).   The Court should interfere with the lead plaintiff's selection of

12  counsel only when necessary "to protect the interests of the class."   Section 21D(a)(3)(B)(iii)(II)(aa),

13  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-

14  4(a)(3)(B)(iii)(II)(aa).

15      Movants have selected and retained Bernstein Liebhard as the proposed lead counsel for the

16  Class.   Bernstein Liebhard has extensive experience prosecuting complex securities class actions,

    such as this one, and is well qualified to represent the Class.   *See* Goldberg Decl. Ex. D for the firm

17  resume of Bernstein Liebhard.   As a result, the Court may be assured that by approving Bernstein

18  Liebhard as lead counsel, the Class is receiving the best legal representation available.

19      Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the

20  PSLRA, and has frequently appeared in major actions before this and other courts throughout the

21  MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED
    AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

country.  Indeed, THE NATIONAL LAW JOURNAL has recognized Bernstein Liebhard for eight consecutive years as one of the top plaintiffs' firms in the country.  Bernstein Liebhard has also been listed in THE LEGAL 500, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

•        *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

•        *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million.  This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

•        *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

•        *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending before Judge Shira Scheindlin.  The *IPO* litigation is one of the biggest securities class actions ever prosecuted, coordinating 309 separate securities class actions in one proceeding. On October 5, 2009, the Court granted final approval to a $586 million settlement.

Glancy Binkow also has extensive experience in litigating securities class actions.  *See* Goldberg Decl. Ex. E.

MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL

**CONCLUSION**

For the foregoing reasons, Movants respectfully request that this Court:  (1) appoint Movants as lead plaintiffs for the Class in the Action and all subsequently-filed, related actions; and (2) approve Bernstein Liebhard and Glancy Binkow as lead and liaison counsel, respectively, for the Class.

DATED:  January 3, 2011                    Respectfully submitted,

GLANCY BINKOW & GOLDBERG LLP

*s/Michael Goldberg*
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Liaison Counsel for Movants and Proposed*
*Liaison Counsel for the Class*

BERNSTEIN LIEBHARD LLP
Sandy A. Liebhard
U. Seth Ottensoser
Joseph R. Seidman, Jr.
10 E. 40th Street
New York, NY  10016
Telephone: (212) 779-1414
Facsimile:  (212) 779-3218

*Counsel for Movants and Proposed Lead Counsel*
*for the Class*

MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S MOTION TO BE APPOINTED
AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL
8

1

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

2

3      I, the undersigned, say:

4      I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801

5 Avenue of the Stars, Suite 311, Los Angeles, California  90067.

6      On January 3, 2011, I caused to be served the following documents:

7
1.    NOTICE OF MOTION OF BRENT DAWSON AND RICHARD WAYNE TO BE
8          APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF
          COUNSEL

9
2.    MEMORANDUM IN SUPPORT OF BRENT DAWSON AND RICHARD WAYNE'S
10        MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF
          THEIR CHOICE OF COUNSEL

11
3.    DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF BRENT DAWSON AND
12        RICHARD WAYNE'S MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR
          APPROVAL OF THEIR CHOICE OF COUNSEL

13
4.    [PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING CHOICE
14        OF COUNSEL

15

16      By posting this document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached

17 Court's Service List.

18      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 3, 2011, at Los Angeles, California.

19

20              *s/Michael Goldberg*
                Michael Goldberg

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

Case4:10-cv-04957-PJH    Document8     Filed01/03/11    Page11 of 12

# Mailing Information for a Case 4:10-cv-04957-PJH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Nicole Marie Duckett**
  nduckett@milberg.com,cchaffins@milberg.com

- **Jeff S. Westerman**
  jwesterman@milberg.com,cchaffins@milberg.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case4:10-cv-04957-PJH   Document8   Filed01/03/11   Page12 of 12