UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MERLE KOVTUN,

    Plaintiff,

    v.

VIVUS, INC., et al.,

    Defendants.

_____/

No. C 10-4957 PJH

**ORDER GRANTING MOTION TO DISMISS**

    The motion of defendants VIVUS, Inc., Leland F. Wilson, and Wesley W. Day for an order dismissing the first amended class action complaint in the above-entitled action came on for hearing before this court on October 12, 2011. Lead plaintiff John Ingram appeared by his counsel David A.P. Brower, and defendants appeared by their counsel Michael L. Charlson and Benjamin T. Diggs. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows and for the reasons stated at the hearing.

    A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558-59 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950.

To state a claim for securities fraud under § 10(b) of the Securities Exchange Act and SEC Rule 10b-5 promulgated thereunder, a plaintiff must plead "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection . . . [with] the purchase or sale of a security; (4) reliance . . . ; (5) economic loss; and (6) loss causation." Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, 552 U.S. 148, 157 (2008); see also Dura Pharms, Inc. v. Broudo, 544 U.S. 336, 341-42 (2005).

At the pleading stage, a complaint stating claims under § 10(b) and Rule 10b-5 must satisfy the requirements of both Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., __ F.3d __ , 2011 WL 3673116 at *4 (9th Cir., Aug. 23, 2011).

Under Rule 9(b), falsity must be pled with specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotations omitted); see also Yourish v. California Amplifier, 191 F.3d 983, 992–93 (9th Cir. 1999).

Under the PSLRA, whether alleging that a defendant "made an untrue statement of a material fact" or alleging that a defendant "omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading," the complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, . . . [must] state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1), quoted in Spot Runner, 2011 WL 3672116 at *4. The PSLRA further requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

1    The court finds that the amended complaint fails to specify each statement alleged
to have been misleading, and also fails to state the reason or reasons why each such
statement is misleading.  Because the court cannot ascertain from the amended complaint
exactly which statements plaintiff claims were misleading, or why, the court grants the
motion to dismiss, with leave to amend, and does not address the other arguments raised
by defendants.

   The amended complaint shall be filed no later than November 9, 2011.  Defendants
response shall be filed no later than December 7, 2011.

**IT IS SO ORDERED.**

Dated: October 13, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge